UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IRENE LAROCCA,

        Plaintiff,

v.                                             Case No. 14-4106-JPO

WALMART STORES, INC.,

        Defendant.

**ORDER**

    The plaintiff, Irene Larocca, filed this personal injury suit against the defendant, Walmart Stores, Inc., alleging that she tripped and fell just outside defendant's store in Topeka, Kansas, as a result of defendant's negligence. Before the court is defendant's motion for summary judgment **(ECF doc. 15)**. Defendant argues that it is not liable for plaintiff's injuries because the "slight defect rule" under Kansas law bars plaintiff's claim. For the reasons set forth below, defendant's motion is granted.

**I.**     **Uncontroverted Facts**

    On January 18, 2014, plaintiff went to defendant's store at 1501 SW Wanamaker in Topeka, Kansas. As plaintiff walked toward the store, she tripped on a section of the sidewalk located at the north entrance of the building. Plaintiff alleges that she tripped *and* fell when she stepped in a hole in defendant's sidewalk. The "hole" was approximately one inch in depth. Plaintiff alleges that as a result of this occurrence, she sustained injuries.

Defendant captured the incident on surveillance video.[1] Plaintiff admits that photographs taken by defendant depict the hole on the sidewalk and the area that caused the incident.[2]

Plaintiff filed her complaint on September 9, 2014, alleging defendant is negligent for failing to keep the business place safe and failing to warn of a dangerous condition.[3] As a result, plaintiff seeks damages in excess of $75,000.

Defendant now moves for summary judgment on plaintiff's claim. Plaintiff has stipulated to the facts outlined in defendant's statement of uncontroverted facts. However, plaintiff adds the following facts: (1) the hole plaintiff fell in was located in a *public entrance* of the store; and (2) in the surveillance video of plaintiff's fall, the same entrance is receiving "heavy foot traffic from customers."[4] Defendant denies both facts as stated.[5] Defendant maintains that plaintiff did not fall; the surveillance video undisputedly shows that, while plaintiff did trip, she came nowhere close to falling onto the sidewalk.

## II. Legal Standard

---

[1] *See* ECF doc. 19.

[2] *See* ECF doc. 16-1 at ¶ 15; *see also* ECF docs. 16-2, 16-3, 16-4, 16-5, and 16-6.

[3] ECF doc. 1-1 at 3.

[4] ECF doc. 22 at 2.

[5] ECF doc 23 at 2.

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[6] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[7] In considering a motion for summary judgment, the court must examine all evidence in a light most favorable to the opposing party.[8]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[9] This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case.[10] Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."[11] The

---

[6] Fed. R. Civ. P. 56(a).

[7] *Krom v. Braum's, Inc.*, No. 12-2499-EFM, 2014 WL 1411661, at *1 (D. Kan. Apr. 10, 2014) (citing *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006)).

[8] *Line v. Sears and Roebuck and Co.*, No. 10-2616-JTM, 2011 WL 4348312, at *2 (D. Kan. Sept. 16, 2011) (citing *McKenzie v. Mercy Hosp.*, 854 F.2d 365, 367 (10th Cir. 1988)).

[9] *Chance v. Cherokee South*, No. 97-2425-GTV, 1998 WL 321532, at *2 (D. Kan. June 2, 1998).

[10] *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[11] *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

existence of some disputed facts does not automatically preclude granting summary judgment.[12]

Summary judgment is not a "disfavored procedural shortcut."[13]  It is an important procedural vehicle "designed to secure the just, speedy and inexpensive determination of every action."[14]  One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose.[15]  With these standards in mind, the court addresses defendant's motion.

## III.  Analysis

The well-established essential elements of a negligence claim are as follows:  (1) the existence of a duty, (2) breach of that duty, (3) injury, and (4) a causal connection between the duty breached and the injury suffered.[16]  Generally, claims based on negligence present factual determinations for the jury, not legal questions for the court.[17]  However, questions regarding the existence of a duty of care are purely legal

---

[12] *Denner v. N-F Properties, Inc.*, No. 94-1312-PFK, 1995 WL 333128, at *2 (D. Kan. May 22, 1995) (citing *Anderson*, 477 U.S. at 247-48).

[13] *Line*, 2011 WL 4348312, at *2 (quoting *Celotex Corp.*, 477 U.S. at 327).

[14] *Id.* (quoting *Celotex Corp.*, 477 U.S. at 327).

[15] *Denner*, 1995 WL 333128, at *2 (citing *Celotex*, 477 U.S. at 323-24).

[16] *Elston v. Spangles, Inc.*, 289 Kan. 754, 757, 217 P.3d 450 (2009) (citing *Nero v. Kansas State Univ.*, 253 Kan. 567, Syl. ¶ 1, 861 P.2d 990 (1966)).

[17] *Id.* (citing *Deal v. Bowman*, 286 Kan. 853, 859, 188 P.3d 941 (2008)).

determinations.[18]  "If a court concludes that a defendant did not have a duty to act in a certain manner toward the plaintiff, then the defendant cannot be liable to the plaintiff for negligence."[19]  In such cases, a court may correctly grant summary judgment in the defendant's favor.[20]

Defendant argues the court should grant summary judgment in its favor because the "slight defect rule" under Kansas law bars plaintiff's claim.  Since 1935, Kansas courts have applied a judicially created "slight defect" rule that negates the existence of a duty that might otherwise exist.[21]  Under the rule, "slight variances in the level of sidewalk surfaces, whether caused by projections, depressions or otherwise, are not sufficient to establish actionable negligence in the construction or maintenance of the sidewalk."[22]  In other words, "[s]light and inconvenient defects in the sidewalk … do not furnish basis for actionable negligence, even though a pedestrian may trip, fall, and injure [himself or] herself on account of such a trivial defect."[23]  Although the rule was initially

---

[18] *Id.* (citing *Nero*, 253 Kan. at 567, Syl. ¶ 1).

[19] *Id.*

[20] *Id.*

[21] *Line*, 2011 WL 4348312, at *3.

[22] *Krom*, 2014 WL 1411661, at *2 (quoting *Sepulveda v. Duckwall-Alco Stores, Inc.*, 238 Kan. 35, 38, 708 P.2d 171 (1985)).

[23] *Elstun*, 289 Kan. at 757 (quoting *Ford v. City of Kinsley*, 141 Kan. 877, Syl. ¶ 1, 44 P.2d 225 (1935)).

applied in a municipal case,[24] Kansas courts have extended the rule to private sidewalks involving private corporations.[25]

Here, defendant seeks summary judgment based on the uncontroverted evidence that the elevation difference in the sidewalk was only about one inch. Defendant presented several pictures of the sidewalk in question. Plaintiff admits those photographs depict the defect in the sidewalk with a hole approximately one inch in depth.[26] However, plaintiff argues that although the "defect may appear [to be] slight," it does not mean the slight defect rule should apply because the rule does not "apply universally to defects in all sidewalks at all times." [27] Plaintiff asks the court to consider not only the depth of the hole, but also the hole's length, the fact that the hole was in the entryway of the store, the proximity of the hole to the door, and the fact that the hole was receiving heavy foot traffic from customers. With these factors in mind, plaintiff argues the "exception" should not apply.[28]

Specifically, plaintiff cites three cases that limited application of the slight defect rule. First, plaintiff cites *Richardson v. Weckworth*, 212 Kan. 84, 509 P.2d 1113 (1973), where a tenant sued her landlord for negligence after the landlord failed to repair a

---

[24] *Krom*, 2014 WL 1411661, at *2 (citing *Sepulveda*, 238 Kan. at 38).

[25] *Line*, 2011 WL 4348312, at *3.

[26] *See* ECF doc. 22 at ¶¶ 7-8.

[27] *Id.* at 4 and 7.

[28] *Id.* at 7.

sidewalk despite notice of the defect and an agreement to do so.  In *Richardson*, the Kansas Supreme Court found the slight defect rule did not apply because of the covenant to repair leased premises as adopted by the court in *Williams v. Davis*, 188 Kan. 385, 362 P.2d 641 (1961).  *Richardson* is clearly distinguishable.  The case at bar does not involve a landlord-tenant relationship.  Nor does it involve a promise to plaintiff to repair the sidewalk.

Second, plaintiff cites *Elstun v. Spangles*, 289 Kan. 754, 217 P.3d 450 (2009).  In *Elstun*, the plaintiff fell in a restaurant's parking lot.  The Kansas Supreme Court distinguished parking lots from sidewalks and declined to expand the slight defect rule to parking lots.  Plaintiff does not dispute that she tripped on a *sidewalk*—not in the parking lot of defendant's store.  Thus, *Elstun* is not applicable to the instant case.

Finally, plaintiff cites *Lyon v. Hardee's Food Systems, Inc.*, 250 Kan. 43, 824 P.2d 198 (1992).  In *Lyon*, the plaintiff argued that the slight defect rule should not apply because defendant actively created the defect in the sidewalk in question.  The Kansas Supreme Court agreed and found that the slight defect rule "is not intended to shield from liability those who negligently create and maintain a defect in the sidewalk.  Its intended function is to limit liability of those who permit or allow a slight defect not of their own making to remain."[29]  Here though, plaintiff has presented no evidence that defendant

---

[29] *Lyon*, 250 Kan. at 52.

created the defect as to invoke the exception to the slight defect carved out by *Lyon*. Therefore, the limitation stated in *Lyon* is inapplicable to this case.

Although none of the limitations discussed in the foregoing cases are applicable to this case, plaintiff still maintains that there is no "bright line rule" for size in determining if a defect is slight. Instead, plaintiff argues that "[a sidewalk's] location, the extent of the irregularity therein, its prior use and its use on the occasion in question"[30] should be considered in determining whether a sidewalk is reasonably safe for the use of pedestrians. As stated earlier, in addition to the depth of the hole, plaintiff asks the court to consider the following factors to determine if the defect was slight: (1) the hole's length; (2) the location of the hole near the store's entryway; (3) the proximity of the hole to the door; and (4) the fact that the hole was near an area receiving heavy foot traffic from customers.[31]

The court agrees there is no "bright line" test for determining what constitutes a slight defect. Each case must be determined on its own facts. However, several Kansas cases have applied the slight defect rule to facts and circumstances similar to the ones presented in this case.[32]

---

[30] ECF doc. 22 at 5 (citing *Lyon*, 250 Kan. at 52 (quoting *Taggart v. Kansas City*, 156 Kan. 478, Syl. ¶ 2, 134 P.2d 417 (1943)).

[31] *Id.* at 6.

[32] *See, e.g., Blankenship v. Kansas City*, 156 Kan. 607, 612-13, 135 P.2d 538 (1943) (missing bricks that left a depression two inches deep was a slight defect); *Taggart*, 156 Kan. at 482 (three inch "step-down" between sidewalk slabs was a slight defect); *Ford*,

O:\ORDERS\14-4106-JPO-15.docx

8

In the previously cited *Denner* case, the defect was in "an area in front of [defendant's store—] Warehouse Market."[33] The plaintiff contended that the defect's location, just a few feet in front of Warehouse Market's main door, made it very hazardous. The plaintiff argued that that this factor supported finding the defect actionable. Judge Kelly of this court was unconvinced, finding that the defect's location was approximately the same as the irregularity in the sidewalk in the *Sepulveda* case decided ten years earlier by the Kansas Supreme Court.[34] Judge Kelly also found the size of the hole was slight, measuring one to two inches deep, eight to ten inches long, and three to four inches wide at its widest point.[35]

More recently, in *Krom*, the plaintiff argued that because the walkway at issue was "located close to the entrance of the store" and was used "primarily by defendant's customers," the slight defect rule should not apply.[36] Judge Melgren of this court recognized that Kansas courts have applied the rule to sidewalks located in front of or

---

141 Kan. at 877-81 (block of cement sagging up to three-fourths of an inch below adjacent concrete was a slight defect); *Barnett-Holdgraf v. Mutual Life Ins. Co. of N.Y.*, 27 Kan.App.2d 267, 274-75, 3 P.3d 89 (2000) (hole in concrete from one to three inches deep was covered under the slight defect rule).

[33] 1995 WL 333128, at *3.

[34] In *Sepulveda*, 238 Kan. at 35, the plaintiff was leaving a Duckwall-Alco Store and fell on the sidewalk in *front* of the store because of an irregularity in the sidewalk that was about one inch in depth. The court took into account the factors from *Taggart* and held that the sidewalk's defect was not actionable.

[35] *Denner*, 1995 WL 333128, at *1.

[36] 2014 WL 1411661, at * 2.

adjacent to a storefront.[37] In *Denner*, *Line*, and *Krom,* the defects occurred "near the entrance to the store;" nonetheless, all three courts found the slight defect rule still applied.[38] Consistent with Kansas precedent, the court does not find that the defect's location, near the entrance of defendant's store, makes the slight defect rule inapplicable to this case.

Plaintiff's contention that the hole was in an area "receiving heavy foot traffic from customers" does not change this conclusion. Sidewalks are built for foot traffic.[39] In *Denner*, the court considered evidence submitted by the plaintiff that the sidewalk area in question, occurring approximately eight feet in front of the door, received "heavy traffic from customers walking over this area, pushing grocery carts over this area and vendors pushing heavy carts over this area."[40] Yet, the court still found that the defect (one to two inches deep, eight to ten inches long, and three to four inches wide) was still reasonably safe for use and the slight defect rule applied. Plaintiff fails to cite any case supporting the proposition that heavy foot traffic is a relevant factor or a basis to limit the slight defect rule. But even assuming the hole was in an area receiving heavy foot traffic

---

[37] *Id.* at *3.

[38] *Id.* (citing *Denner*, 1995 WL 333128, at *8; *Line*, 2011 WL 4348312, at *4).

[39] *Elstun*, 289 Kan. at 759.

[40] 1995 WL 333128, at *6.

from customers,[41] the court still does not find that the slight defect rule should not apply to the facts of this case.

As earlier discussed, the parties agree the hole in defendant's sidewalk is one inch deep. Plaintiff provided no evidence regarding the hole's length. However, the photos depict a defect (in depth and length) that is not of such magnitude that a reasonably prudent person should have anticipated some danger while walking on it and the defect would not be likely to cause injury to pedestrians proceeding with due care. Further, plaintiff has presented no evidence of previous accidents caused by the defect that allegedly caused plaintiff's fall. Considering all of the relevant factors, the court finds that the defect was slight as a matter of law and defendant owed plaintiff no duty to protect her from the hole in the sidewalk. The defect is not sufficient to support plaintiff's negligence claim. Therefore, defendant's motion for summary judgment (**ECF doc. 15**) is granted. This case is dismissed, with prejudice.

IT IS SO ORDERED.

---

[41] Plaintiff has presented no evidence to support this factual assertion other than reference to defendant's surveillance video (*see* ECF doc. 19). The video actually shows fairly routine foot traffic for a large retail establishment like Walmart**.** But as earlier indicated, even were the court to assume for the sake of discussion that the video showed "heavy" foot traffic, that would not change the ultimate result in this case.

Dated April 22, 2015 at Kansas City, Kansas.

   s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge